**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

SHENZHEN DOUMI INTERNATIONAL TRADE CO., LTD.,

Plaintiff,

v.

HAPPIIER, LLC,

Defendant.

Case No.: 2:26-cv-04311

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 12,702,250**

**JURY DEMAND**



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

## COMPLAINT

Plaintiff Shenzhen Doumi International Trade Co., Ltd. ("Doumi" or "Plaintiff"), by and through its undersigned counsel, brings this Complaint for Declaratory Judgment against Defendant Happiier, LLC ("Happiier" or "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment that Plaintiff does not infringe, and has not infringed, any claim of U.S. Patent No. 12,702,250 B2 (the "'250 Patent"), and that claims 1, 10, and 17 of the '250 Patent are invalid. A true and correct copy of the '250 Patent is attached as Exhibit A.

2. Plaintiff sells silicone slow cooker divider liners on Amazon.com under ASINs B0H3SF78B1, B0CBPHQ2SL, B0GJNMZQW1, B0CN8L8H7K, B0GJNX8Z1G, B0H3TVFTT9, and B0H3T7YF4N (the "Accused Products"). Each Accused Product consists of two separate silicone containers that are not connected to one another.

3. In August 2026, Happiier submitted complaints to Amazon.com, Inc. ("Amazon") asserting U.S. Patent No. 12,262,843 B2 (the "'843 Patent"), the parent of the '250 Patent, against five of the Accused Products.

4. In response, Amazon removed the listings of those five Accused Products.

5. After Plaintiff submitted a non-infringement letter from its counsel to Amazon, Amazon reinstated those listings on September 11, 2026.

6. The '250 Patent issued on August 11, 2026.

7. On October 8, 2026, Happiier executed an Amazon Patent Evaluation Express Agreement (the "APEX Agreement") asserting that the Accused Products infringe claim 1 of the



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

'250 Patent.

8. Happiier submitted the APEX Agreement to Amazon, which administers the Amazon Patent Evaluation Express procedure ("APEX") from its headquarters in Seattle, Washington.

9. On October 13, 2026, Amazon notified Plaintiff that the listings of the Accused Products would be removed unless, within three weeks, Plaintiff resolved the claim with Happiier, agreed to participate in neutral evaluation, or filed a lawsuit against Happiier for declaratory judgment of non-infringement and provided Amazon with a copy of the complaint.

10. Happiier's assertion of the '250 Patent places the Accused Products at immediate risk of removal from Amazon.com, Plaintiff's principal sales channel in the United States.

11. All claims of the '250 Patent require "a food-heating appliance having a curvilinear interior surface, one or more heating surfaces, and a rim defining an upper boundary of an interior space."

12. Plaintiff sells the Accused Products by themselves.

13. Plaintiff therefore does not directly infringe any claim of the '250 Patent.

14. All claims of the '250 Patent also require that the containers maintain "full contact" with "the one or more heating surfaces of the food-heating appliance."

15. Placed in a food-heating appliance, the Accused Products do not maintain "full contact" with "the one or more heating surfaces of the food-heating appliance." Exhibit C.

16. Customers' use of the Accused Products therefore does not meet that requirement.

17. Plaintiff therefore does not induce or contribute to infringement of the '250 Patent.

18. Claims 1, 10, and 17 of the '250 Patent are also invalid, as set out in Section F



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

below.

19. The earliest date identified in the ’250 Patent’s cross-reference to related applications is January 13, 2021, the filing date of U.S. Provisional Application No. 63/136,944.

20. Korean Patent Application Publication No. 10-2017-0099164 (the “Korean Publication”), published on August 31, 2017, more than three years before January 13, 2021, discloses separate silicone unit containers that, when assembled, form a circle inside a pressure rice cooker and contact its inner wall and bottom. A true and correct copy of the Korean Publication is attached as Exhibit D.

21. U.S. Patent Application Publication No. 2009/0095169 (“York”), published on April 16, 2009, discloses tray inserts for a slow cooker, each having “a curved outside wall 62 opposite a straight inside wall 64,” that are “nested together” and “lowered into position within the slow cooker,” in which the loop of one tray insert may be received within the indentation of the other, and that permit the cover of the slow cooker to be placed in its normal position. A true and correct copy of York is attached as Exhibit E.

22. Even if claims 1, 10, and 17 were entitled to an effective filing date of January 13, 2021, the Korean Publication, alone or in combination with York, renders claims 1 and 10 obvious, and the Korean Publication in combination with York renders claim 17 obvious.

23. Claims 1, 10, and 17 are not entitled to an effective filing date of January 13, 2021.

24. The application that issued as the ’250 Patent was filed on March 14, 2025 as a continuation-in-part of the application that issued as the ’843 Patent.

25. The terms “full contact” and “heating surface” first appeared in the application filed on March 14, 2025.



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

26. U.S. Patent Application Publication No. 2022/0218147 A1 (the "Parent Publication"), the publication of the parent application, does not describe containers that maintain full contact with the heating surfaces of a food-heating appliance. A true and correct copy of the Parent Publication is attached as Exhibit F.

27. Claims 1, 10, and 17 therefore have an effective filing date of March 14, 2025.

28. Any public use, sale, or printed publication before March 14, 2024, more than one year before March 14, 2025 and therefore outside the one-year grace period of 35 U.S.C. § 102(b)(1), is prior art to claims 1, 10, and 17.

29. The Parent Publication, Happiier's own published application, was published on July 14, 2022, before March 14, 2024.

30. The Parent Publication is therefore prior art to claims 1, 10, and 17.

31. The Parent Publication, in combination with the Korean Publication, renders claims 1, 10, and 17 obvious.

32. Plaintiff has offered and sold the Accused Product under ASIN B0CBPHQ2SL in the United States through Amazon.com since at least August 10, 2023, outside the one-year grace period.

33. Happiier cannot have it both ways. If the Accused Products do not meet every limitation of claims 1, 10, and 17, Plaintiff does not infringe those claims. If they do, then the identical products Plaintiff sold under ASIN B0CBPHQ2SL before March 14, 2024 met the same limitations, and those claims are invalid under 35 U.S.C. §§ 102 and 103.

## THE PARTIES

34. Plaintiff Shenzhen Doumi International Trade Co., Ltd. is a limited liability



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

company organized and existing under the laws of the People's Republic of China.

35. Plaintiff's principal place of business is Room 509, LI Business Center, No. 6257 Longgang Avenue (Henggang Section), Baoan Community, Yuanshan Subdistrict, Longgang District, Shenzhen, Guangdong 518000, China.

36. Plaintiff is registered with Amazon under the name "Shenzhenshidoumiguojimaoyiyouxianzerengongsi."

37. Plaintiff sells the Accused Products on Amazon.com through the storefront "MagiCkichen" (Seller ID A1DIGBWDVK4T2F).

38. Upon information and belief, Defendant Happiier, LLC is a limited liability company organized under the laws of the State of Florida.

39. Upon information and belief, Happiier's principal place of business is 336 E. New York Ave, Unit 48, DeLand, Florida 32724.

40. Happiier is identified on the face of the '250 Patent as its applicant and assignee.

41. Happiier sells products under the CrockPockets brand.

42. In the APEX Agreement, Happiier represented that it is registered in Amazon's Brand Registry under the CrockPockets brand.

**JURISDICTION AND VENUE**

43. This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

44. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

45. This Court has personal jurisdiction over Happiier because Happiier has consented to it.



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

46. Section 5 of the APEX Agreement that Happiier executed on October 8, 2026 provides that "Participants agree to the jurisdiction and venue of the federal and state courts located in King County, Seattle, Washington."

47. Plaintiff executed Exhibit 2 of the APEX Agreement and returned it to Amazon on or about October 30, 2026.

48. Plaintiff, like Happiier, is bound by and entitled to rely on Section 5 of the APEX Agreement.

49. This action concerns the same patent, including the same patent claim, the same products, and the same dispute that Happiier submitted to APEX.

50. Section 1 of the APEX Agreement incorporates by reference the Amazon Patent Evaluation Express Procedure (the "APEX Procedure").

51. The APEX Procedure provides that "[i]f there is litigation pending on a patent subject to a proposed or pending Evaluation, Amazon may decide not to initiate or suspend an Evaluation until the completion of that litigation."

52. The APEX Procedure further provides that "[i]f any Participant obtains a judgment or order in litigation or an arbitration that an Accused Product does not infringe or that the Patent is invalid or unenforceable, that Participant may submit it to Amazon."

53. Happiier voluntarily invoked APEX, which Amazon administers from Seattle, Washington, to seek the removal of the Accused Products from Amazon.com.

54. This action arises directly out of Happiier's use of APEX against the Accused Products and the resulting dispute between the parties.

55. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (c)(2) because



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

Happiier is subject to personal jurisdiction in this District with respect to this action.

56. Happiier has also agreed to venue in the federal and state courts located in King County, Seattle, Washington.

## FACTUAL BACKGROUND

### A. The ’250 Patent

57. The ’250 Patent, entitled “Adjustable Cooking Divider System for Food-Heating Appliances,” issued from U.S. Application No. 19/079,559, filed on March 14, 2025.

58. The ’250 Patent names Emilie Wren and Patricia Schmitz as inventors.

59. The Abstract of the ’250 Patent states that “[t]he system includes a plurality of containers, each having a curvilinear wall configured to match the curvilinear interior surface of the appliance, sidewalls forming enclosed compartments, and a bottom for holding food. The containers interlock or abut without gaps, ensuring structural rigidity and preventing fluid leakage between compartments.” See Exhibit A, Abstract.

60. FIG. 1 of the ’250 Patent, reproduced as Figure 1 below, “illustrates one example of a perspective view of an embodiment, two divider inserts, of a device and system for a divider insert for a food-heating appliance inserted in a typical food-heating appliance.” See Exhibit A at 4:12–16, FIG. 1.



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281




Figure 1: ’250 Patent, FIG. 1 (rotated).

61. The ’250 Patent states that it is a continuation-in-part of U.S. Application No. 17/574,502, filed on January 12, 2022, which issued as the ’843 Patent.

62. U.S. Application No. 17/574,502 claims the benefit of U.S. Provisional Application No. 63/136,944, filed on January 13, 2021, and U.S. Provisional Application No. 63/271,370, filed on October 25, 2021.

63. Claims 1, 10, and 17 are the only independent claims of the ’250 Patent.

64. Each dependent claim incorporates the limitations of the independent claim from which it depends.

65. Method claims 9, 16, and 20 each recite a method of using the divider insert system of claim 1, 10, or 17, respectively, and therefore require every limitation of that claim.

66. Claims 1, 10, and 17 each require, in relevant part:

> a food-heating appliance having a curvilinear interior surface, one or more heating surfaces, and a rim defining an upper boundary of an interior space; and

See Exhibit A at 23:40–42, 25:11–13, 26:19–21.



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

67. Accordingly, all claims of the ’250 Patent require a food-heating appliance.

68. Claim 1 also requires, in relevant part:

> wherein the plurality of containers are dimensioned to fit entirely within the interior space of the food-heating appliance such that, when positioned for cooking during intended use, no portion of any of the plurality of containers extends above the rim of the food-heating appliance, and each container remains securely positioned within the interior space while maintaining full contact between container walls and the one or more heating surfaces of the food-heating appliance;

See Exhibit A at 23:55–64.

69. Claim 10 also requires, in relevant part:

> wherein, when the plurality of containers are positioned within the interior space of the food-heating appliance:
>
> . . . .
>
> the plurality of containers maintains full contact with the one or more heating surfaces of the food-heating appliance;

See Exhibit A at 25:33–34, 40–42.

70. Claim 17 also requires, in relevant part:

> wherein, when the plurality of containers are positioned within the interior space of the food-heating appliance:
>
> . . . .



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

> the plurality of containers maintains full contact with the one or more heating surfaces of the food-heating appliance;

See Exhibit A at 26:40–41, 48–50.

71. Accordingly, all claims of the '250 Patent require that the containers maintain full contact with the one or more heating surfaces of the food-heating appliance.

72. Claim 1 further requires, in relevant part:

> wherein abutment of the curvilinear side wall of each of the plurality of containers with the curvilinear interior surface of the food-heating appliance and abutment of the at least one side wall of each of the plurality of containers with the at least one side wall of an adjoining one of the plurality of containers eliminates gaps along a perimeter defined by the plurality of containers within the interior space of the food-heating appliance, such that the plurality of containers necessarily remain securely positioned within the interior space while maintaining full contact with the one or more heating surfaces of the food-heating appliance to promote heat transfer efficiency.

See Exhibit A at 24:7–20.

73. Claim 10 further requires, in relevant part:

> wherein abutment of the curvilinear side wall with the curvilinear interior surface of the food-heating appliance, and abutment of the at least one side wall that are adjoined eliminates gaps at the



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

> locations of abutment between the plurality of containers, maximizing utilization of the food-heating appliance volume, preventing slippage of the plurality of containers within the food-heating appliance, and providing collective structural rigidity to the plurality of containers.

See Exhibit A at 25:43–51.

74. Claim 17 further requires, in relevant part:

> wherein the plurality of containers are interconnected to one another such that, when the plurality of containers are positioned within the interior space of the food-heating appliance, the plurality of containers remain in a fixed arrangement during cooking; and
>
> wherein the interconnection of the plurality of containers together with abutment of the curvilinear side wall with the curvilinear interior surface of the food-heating appliance, and abutment of the at least one side wall that are adjoined eliminates gaps at the locations of abutment, maximizing utilization of the food-heating appliance volume, preventing slippage of the plurality of containers within the food-heating appliance, and providing collective structural rigidity to the plurality of containers.

See Exhibit A at 26:51–65.

75. Accordingly, all claims of the '250 Patent require abutment of the curvilinear side



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

wall with the curvilinear interior surface of the food-heating appliance and abutment of the side walls of adjoining containers, and require that this abutment, in claim 17 together with the interconnection of the containers, eliminate gaps.

76. FIG. 2 of the ’250 Patent, reproduced as Figure 2 below, is “a top-down view of an embodiment comprising two divider inserts 1 positioned inside a food-heating appliance 10,” in which “each divider insert 1 includes a curvilinear wall 7 that forms a continuous perimeter along the curvilinear interior surface 8 of the food-heating appliance 10” and “[t]he container sidewalls 2 of adjacent divider inserts 1 abut without gaps.” Exhibit A at 10:38–45, FIG. 2.




Figure 2: ’250 Patent, FIG. 2 (rotated).

77. The ’250 Patent states that “[t]he gap-free fit between the curvilinear walls 7 and the interior surface 8 enhances thermal efficiency.” Exhibit A at 10:1–3.

78. The ’250 Patent states that “[t]his curved design ensures a precise, gap-free fit along the inner perimeter of the appliance, maximizing thermal contact.” Exhibit A at 10:62–65.

79. The ’250 Patent describes tapered edges angled to “[c]reate a snug fit by ensuring the curvilinear wall 7 conforms seamlessly to the curvilinear interior surface 8 of the food-heating appliance 10.” Exhibit A at 19:30–36.



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

80. Describing the same tapered edges, the ’250 Patent states that “[t]he gradual tapering ensures that, once positioned, the divider inserts 1 remain securely in place” and that “[t]his design also maximizes heat transfer efficiency by maintaining full contact between the container walls and the heating surface of the appliance.” Exhibit A at 19:51–57.

81. In the same passage, the ’250 Patent describes side walls with “a smooth, uniform fit against the curvilinear interior surface 8 of the food-heating appliance 10.” Exhibit A at 19:22–25.

82. The ’250 Patent thus describes the curvilinear interior surface of the food-heating appliance, against which the container walls fit, as a heating surface with which the container walls maintain full contact.

**B. The Parent Application**

83. The parent application, U.S. Application No. 17/574,502, was published on July 14, 2022 as the Parent Publication.

84. Under 35 U.S.C. § 120, the claims of the ’250 Patent are entitled to the filing date of the parent application only if the parent application discloses the claimed invention in the manner provided by 35 U.S.C. § 112(a).

85. The Parent Publication does not describe, in any words, containers that maintain full contact with the heating surfaces of a food-heating appliance.

86. Unlike the ’250 Patent, as alleged in paragraphs 80 through 82, the Parent Publication does not identify any surface of a food-heating appliance as a heating surface, and does not describe heat transfer through contact between the containers and the appliance.

87. The Parent Publication does not describe the containers contacting the walls or



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

bottom of a food-heating appliance. The only use of the word "contact" in the Parent Publication is a definition stating that "positioned on" or "supported on" "mean positioned or supported on but not necessarily in direct contact with the surface." Parent Publication ¶ [0108].

88. Claims 1, 10, and 17 of the '250 Patent, and every claim that depends from them, are therefore not entitled to the January 12, 2022 filing date of the parent application or to the January 13, 2021 or October 25, 2021 filing dates of U.S. Provisional Application Nos. 63/136,944 and 63/271,370, respectively.

89. The effective filing date of those claims is March 14, 2025, the filing date of the application that issued as the '250 Patent.

**C. Prosecution of the '250 Patent**

90. As published in U.S. Patent Application Publication No. 2025/0221567 A1, independent claims 1, 10, and 17 did not recite a food-heating appliance as an element of the claimed system, did not require that the containers maintain full contact with any heating surface, and did not recite that any abutment "eliminates gaps."

91. During prosecution, the examiner repeatedly rejected claims 1 through 16 over prior art, including York.

92. On February 25, 2026, in response to the examiner's rejection of the claims over York, Happiier amended independent claims 1, 10, and 17 to require that the containers maintain full contact with "the one or more heating surfaces of the food-heating appliance," and to recite structural features of the food-heating appliance in the preamble.

93. In the same response, Happiier told the USPTO that "[t]hese amendments were made to clarify that the relational limitations between the divider insert system and the food-



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

heating appliance are structural in nature and not merely statements of intended use." Applicant's Remarks filed Feb. 25, 2026, U.S. Application No. 19/079,559, at 10.

94. In the same response, Happiier told the USPTO that "[t]he present claims require elimination of gaps through wall-to-wall abutment between adjoining containers and between containers and the appliance interior surface." Id. at 17.

95. In the same response, Happiier argued that it is not enough that York's inserts are "capable of" resting against a bottom interior surface or fitting below the rim, "depending on appliance dimensions," because "[a]nticipation requires a disclosure of the claimed configuration, not a possibility contingent upon external variation." Id. at 14.

96. On March 20, 2026, Happiier's representative authorized an examiner's amendment that added "a food-heating appliance having a curvilinear interior surface, one or more heating surfaces, and a rim defining an upper boundary of an interior space" as a separate element of each independent claim, and added the word "necessarily" to claim 1.

97. On April 14, 2026, the examiner allowed the claims and, in the reasons for allowance, identified York as "the closest prior art." Notice of Allowability mailed Apr. 14, 2026, U.S. Application No. 19/079,559, Reasons for Allowance.

98. The examiner stated that York does not teach or suggest the limitation of claim 1 that includes, among other things, "wherein abutment of the curvilinear side wall of each of the plurality of containers with the curvilinear interior surface of the food-heating appliance and abutment of the at least one side wall of each of the plurality of containers with the at least one side wall of an adjoining one of the plurality of containers eliminates gaps along a perimeter defined by the plurality of containers within the interior space of the food-heating appliance,



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

such that the plurality of containers necessarily remain securely positioned within the interior space while maintaining full contact with the one or more heating surfaces of the food-heating appliance to promote heat transfer efficiency," or "the similar limitation in claims 10 and 17." Id. at 7–8.

99. Happiier obtained allowance of claims 1, 10, and 17 after adding "a food-heating appliance having a curvilinear interior surface, one or more heating surfaces, and a rim defining an upper boundary of an interior space" as a separate element of each, the requirement that the containers maintain "full contact" with "the one or more heating surfaces of the food-heating appliance," and the requirement that abutment "eliminates gaps," and after arguing that those limitations distinguished York.

**D. Plaintiff and the Accused Products**

100. The Accused Products differ from one another only in size and color. Representative photographs of the Accused Products are attached as Exhibit C.

101. Each Accused Product consists of two separate silicone containers that are not connected to one another. See Figure 3 below; Exhibit C.



Figure 3: Containers sold under ASIN B0CN8L8H7K, placed in a slow cooker with their outer



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

walls against the interior side wall. A gap remains between the two containers. Arrow added. Exhibit C, Photograph 4.

102. Plaintiff does not sell the Accused Products together with any appliance.

103. Plaintiff's Amazon order records show shipped orders of the Accused Product under ASIN B0CBPHQ2SL as early as August 10, 2023.

104. The products Plaintiff sold under ASIN B0CBPHQ2SL in 2023 were made from the same molds, in the same sizes, as the products sold under that ASIN today, without design changes.

105. When the two containers of an Accused Product are placed in a slow cooker with their outer walls against the slow cooker's interior side wall, a gap remains between the two containers. See Figure 4(a) below; Exhibit C.

106. The gap remains because the two containers together are narrower than the slow cooker's interior.

107. In that position, the side walls of the two containers do not abut each other.

108. In that position, the portions of the slow cooker's interior side wall at the two ends of the gap between the two containers are not in contact with either container. See Figure 4(a) below; Exhibit C.

109. Because the curvilinear interior surface of the slow cooker is a heating surface, as alleged in paragraph 82, the two containers in that position do not maintain "full contact" with "the one or more heating surfaces of the food-heating appliance," as claims 1, 10, and 17 require.

110. In that position, the side walls of the two containers do not abut "the at least one side wall of an adjoining one of the plurality of containers," as claims 1, 10, and 17 require.

111. In that position, therefore, there is no abutment of the side walls of the two



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

containers that "eliminates gaps along a perimeter defined by the plurality of containers," as claim 1 requires.

112. When the two containers of an Accused Product are pushed together so that their side walls abut each other, the outer wall of at least one container is separated from the slow cooker's interior side wall by a gap. See Figure 4(b) below; Exhibit C.

113. In that position, the outer wall of that container is not "positioned to abut the curvilinear interior surface of the food-heating appliance," as claims 1 and 17 require.

114. The two containers of an Accused Product therefore cannot, at the same time, abut each other and abut the slow cooker's interior side wall.



(a) (b)

Figure 4: Containers sold under ASIN B0CBPHQ2SL in a 7 quart slow cooker. (a) Outer walls against the interior side wall; a gap remains between the two containers. (b) Containers pushed together so that their side walls abut; a gap remains between one container and the interior side wall. Arrows added. Exhibit C, Photographs 2 and 3.

115. Because the curvilinear interior surface of the slow cooker is a heating surface, as alleged in paragraph 82, the two containers, when pushed together so that their side walls abut each other, also do not maintain "full contact between container walls and the one or more heating surfaces of the food-heating appliance," as claim 1 requires, or "full contact with the one or more heating surfaces of the food-heating appliance," as claims 10 and 17 require.



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

116. Placed in a food-heating appliance, the Accused Products do not maintain "full contact" with "the one or more heating surfaces of the food-heating appliance." Exhibit C.

117. Because the two containers of each Accused Product are not connected to one another, they are not "interconnected to one another such that . . . the plurality of containers remain in a fixed arrangement during cooking," as claim 17 requires. See Figure 3 above; Exhibit C.

118. Plaintiff does not specifically intend that any customer practice every limitation of any claim of the '250 Patent.

119. Plaintiff has a good-faith belief, based on the facts alleged in paragraphs 105 through 117 above, that use of the Accused Products does not meet every limitation of any claim of the '250 Patent.

120. The Accused Products are not especially made or especially adapted for use in an infringement of the '250 Patent.

121. The Accused Products are staple articles or commodities of commerce suitable for substantial noninfringing use.

**E. Happiier's Enforcement Against Plaintiff Through Amazon**

122. In August 2026, Amazon notified Plaintiff that it had removed certain of Plaintiff's listings in response to complaints asserting the '843 Patent (Complaint IDs 21585217481 and 21615854251).

123. Amazon's August 2026 notices identified the rights owner who submitted those complaints as "CrockPockets."

124. The listings removed in August 2026 included the listings of five of the Accused



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

Products, those sold under ASINs B0CBPHQ2SL, B0CN8L8H7K, B0GJNMZQW1, B0GJNX8Z1G, and B0H3TVFTT9.

125. Plaintiff submitted a non-infringement letter from its counsel to Amazon.

126. Amazon reinstated those listings on September 11, 2026.

127. On October 8, 2026, Happiier executed the APEX Agreement.

128. The APEX Agreement identifies claim 1 of the ’250 Patent as the asserted claim.

129. The APEX Agreement identifies the ASINs of all seven Accused Products as the products accused of infringement.

130. On October 13, 2026, Amazon sent Plaintiff a notice under APEX (Case ID 22473453311) (the “APEX Notice”). A true and correct copy of the APEX Notice is attached as Exhibit B.

131. The APEX Notice identifies the ASINs of all seven Accused Products as allegedly infringing the ’250 Patent.

132. The APEX Notice states that Amazon will remove the listed products unless, within three weeks, Plaintiff resolves the claim with Happiier, agrees to participate in neutral evaluation, or files a lawsuit against Happiier for declaratory judgment of non-infringement and provides Amazon with a copy of the complaint.

133. An APEX evaluation is limited to one claim of one patent.

134. An APEX evaluation allows no discovery, trial, or hearing.

135. An APEX evaluation does not accept invalidity arguments based on prior art, other than a showing that the products accused in the evaluation, or physically identical products, were on sale one year or more before the asserted patent’s earliest effective filing date.



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

136. Claims 1, 10, and 17 of the ’250 Patent each recite “[a] divider insert system configured for positioning within an interior space of a food-heating appliance,” and each requires that the containers maintain “full contact” with “the one or more heating surfaces of the food-heating appliance.”

137. In light of Happiier’s repeated enforcement actions against the same products, Plaintiff reasonably anticipates that Happiier will assert additional claims of the ’250 Patent against the Accused Products.

138. An actual, substantial, and immediate controversy therefore exists between Plaintiff and Happiier concerning the infringement of the ’250 Patent.

**F. Claims 1, 10, and 17 of the ’250 Patent Are Invalid**

139. The facts alleged in this Section support Count II below and bear on the reasonableness of Happiier’s assertion of the ’250 Patent against Plaintiff, including under 35 U.S.C. § 285.

140. Even if claims 1, 10, and 17 were entitled to an effective filing date of January 13, 2021, they are invalid over printed publications that predate that date by years.

141. The Korean Publication was published on August 31, 2017.

142. The Korean Publication discloses a silicone rice-cooking container for use inside a pressure rice cooker. Korean Publication, claim 1.

143. The silicone rice-cooking container of the Korean Publication is divided into a plurality of separate unit containers. Korean Publication, claim 2, ¶ [0021].

144. Each unit container of the Korean Publication has a curved side wall and a closed bottom. Korean Publication ¶¶ [0021] to [0022], FIG. 1 (reproduced as Figure 5(b) below).



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

145. FIG. 10 of the ’250 Patent, reproduced as Figure 5(a) below, is a perspective view of “four divider inserts.” See Exhibit A at 4:44–46, FIG. 10.




Figure 5: (a) ’250 Patent, FIG. 10 (rotated). (b) Korean Publication, FIG. 1.

146. When assembled, the unit containers of the Korean Publication form a circle. Korean Publication ¶¶ [0022] to [0023], FIG. 2.

147. The assembled unit containers are placed inside the pressure rice cooker for cooking. Korean Publication ¶¶ [0035] to [0036].

148. Each unit container of the Korean Publication may span a central angle of 30 to 180 degrees. Korean Publication ¶ [0022].

149. FIG. 2 of the Korean Publication, reproduced as Figure 6(b) below, depicts a unit container spanning 180 degrees, with a curved side wall and a straight side wall. Korean Publication ¶ [0023], FIG. 2.

150. In FIG. 2 of the Korean Publication, that 180-degree unit container is placed beside smaller unit containers that complete the circle. Korean Publication, FIG. 2.

151. FIG. 12 of the ’250 Patent, reproduced as Figure 6(a) below, is a top-down view of “three divider inserts . . . inserted in a typical food-heating appliance.” See Exhibit A at 4:51–54,



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

FIG. 12.




(a) (b)

Figure 6: (a) ’250 Patent, FIG. 12 (rotated). (b) Korean Publication, FIG. 2.

152. When the unit containers of the Korean Publication are placed inside the pressure rice cooker, their curved side walls contact the inner wall of the pressure rice cooker. Korean Publication ¶ [0026], FIG. 3.

153. In that position, the bottoms of the unit containers contact the bottom of the pressure rice cooker. Korean Publication ¶ [0026], FIG. 3.

154. In that position, the unit containers receive transferred heat, and the food in them is cooked. Korean Publication ¶ [0026].

155. The inner wall of the pressure rice cooker that the curved side walls of the Korean Publication’s unit containers contact is thus a heating surface under the ’250 Patent’s own description, alleged in paragraph 82.

156. FIG. 3 of the Korean Publication, reproduced as Figure 7 below, depicts unit containers placed side by side inside the pressure rice cooker, with the side walls of adjoining unit containers against each other. Korean Publication, FIG. 3.

157. FIG. 3 of the Korean Publication depicts the lid of the pressure rice cooker closed.



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

Korean Publication ¶ [0026], FIG. 3.




Figure 7: Korean Publication, FIG. 3.

158. The Korean Publication is not among the references cited on the face of the ’250 Patent.

159. The ’250 Patent identifies pressure cookers as food-heating appliances. Exhibit A at 1:29–32.

160. York was published on April 16, 2009.

161. York discloses tray inserts for a slow cooker, each having “a flat bottom, a curved outside wall 62 opposite a straight inside wall 64.” York ¶ [0042], FIG. 5 (reproduced as Figure 8 below).

162. York discloses that two such tray inserts are “brought together along the line 70, then lowered into position within the slow cooker 27.” York ¶ [0043], FIGS. 5 and 6.



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281




Figure 8: York, FIG. 5.

163. In York, the loop of one tray insert may be received within the indentation of the other when the two tray inserts are nested together. York ¶ [0042], FIG. 6 (reproduced as Figure 9 below).




Figure 9: York, FIG. 6.

164. York discloses that the nested tray inserts, as installed in the slow cooker, permit the cover of the slow cooker to be placed in its normal position, so that the closure seal of the cover to the rim of the slow cooker is maintained. York ¶ [0043].

165. In a further embodiment, York discloses three tray inserts "nested together within the interior space of the slow cooker 29." York ¶ [0047], FIG. 8 (reproduced as Figure 10(b)



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

below).

166. FIG. 8 of the '250 Patent, reproduced as Figure 10(a) below, is a top-down view of "four divider inserts . . . inserted in a typical food-heating appliance." See Exhibit A at 4:37–40, FIG. 8.




(a) (b)

Figure 10: (a) '250 Patent, FIG. 8 (rotated). (b) York, FIG. 8.

167. York states that "[w]hat is needed is a solution that provides a slow cooker with one or more basins or compartments without necessitating structural modifications to the slow cooker vessel or its lid and which do not impair the closure or fit of the slow cooker's lid with the vessel." York ¶ [0010].

168. A person of ordinary skill in the art seeking to meet that need would have had reason to use the separate unit containers of the Korean Publication, which are placed inside the pressure rice cooker for cooking with its lid closed, as alleged in paragraphs 147 and 157, in a slow cooker, and to nest them together as York nests its tray inserts, as alleged in paragraphs 163 and 165.

169. A person of ordinary skill in the art would have had a reasonable expectation of success in using the unit containers of the Korean Publication in a slow cooker, because the '250



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

Patent states that its divider insert system "is designed to fit within various food-heating appliances, such as slow cookers, pressure cookers, air fryers, convection ovens, and other similar cooking devices," and York states that the base of the slow cooker shown in its FIG. 1 "includes heating elements . . . in its walls and bottom, which is the defining characteristic of a slow cooker." Exhibit A at 1:29–32; York ¶ [0030].

170. Independent claims 1 and 10 of the '250 Patent are rendered obvious under 35 U.S.C. § 103 by the Korean Publication, alone or in view of York.

171. Independent claim 17 of the '250 Patent is rendered obvious under 35 U.S.C. § 103 by the Korean Publication in view of York.

172. As alleged in Section B above, claims 1, 10, and 17 of the '250 Patent, and every claim that depends from them, are not entitled to the filing date of the parent application and have an effective filing date of March 14, 2025.

173. Any qualifying public use, sale, or printed publication before March 14, 2024 is therefore prior art to those claims under 35 U.S.C. § 102(a)(1).

174. No exception under 35 U.S.C. § 102(b)(1) applies to such a public use, sale, or printed publication.

175. The Parent Publication was published on July 14, 2022, more than one year before March 14, 2025.

176. The Parent Publication describes and depicts "two divider inserts, of a device and system for a divider insert for a food-heating appliance inserted in a typical food-heating appliance." Parent Publication ¶ [0020], FIG. 1 (reproduced as Figure 11 below).



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281




Figure 11: Parent Publication, FIG. 1 (rotated).

177. Because claims 1, 10, and 17 are not entitled to the filing date of the parent application, the Parent Publication is prior art to those claims under 35 U.S.C. § 102(a)(1).

178. The Parent Publication, in combination with the Korean Publication, renders claims 1, 10, and 17 obvious under 35 U.S.C. § 103.

179. Products of the same construction as the Accused Product sold under ASIN B0CBPHQ2SL were on sale in the United States more than one year before March 14, 2025, through Plaintiff's own Amazon.com listings.

180. Upon information and belief, those products were also in public use in the United States more than one year before March 14, 2025.

181. Slow cookers were in wide use before the alleged invention, as the '250 Patent itself acknowledges. See Exhibit A at 1:41–46.

182. The '250 Patent depicts its divider inserts in "a typical food-heating appliance." Exhibit A at 4:12–20, FIGS. 1 and 2.

183. To the extent Happiier contends that the Accused Products, placed in a food-heating appliance as Happiier alleges, meet each limitation of claims 1, 10, and 17, those claims are,



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

upon information and belief, anticipated under 35 U.S.C. § 102(a)(1) by the prior public use, in slow cookers, of the products described in paragraphs 179 and 180 or, at a minimum, rendered obvious under 35 U.S.C. § 103 by those products in combination with a slow cooker.

184. In the alternative, claims 1, 10, and 17 of the ’250 Patent are invalid under 35 U.S.C. § 112(b).

185. To the extent Happiier contends that “the one or more heating surfaces” are surfaces other than the curvilinear interior surface described in paragraph 82, the ’250 Patent provides no objective boundary for determining which appliance surfaces are “the one or more heating surfaces.”

186. To the extent Happiier contends that containers maintain “full contact” with the heating surfaces even where portions of those surfaces are not in contact with any container, the ’250 Patent provides no objective boundary for determining how much of which container walls must touch those surfaces to be in “full contact” with them.

187. The ’250 Patent provides no objective boundary for determining when, under claim 1, the containers “necessarily remain securely positioned.”

188. Claims 1, 10, and 17 therefore fail to inform a person of ordinary skill in the art, with reasonable certainty, about the scope of the claimed invention.

**COUNT I**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’250 PATENT**

189. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

190. Plaintiff has not infringed and does not infringe any claim of the ’250 Patent,



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

directly, by inducement, or contributorily, literally or under the doctrine of equivalents, including through the making, use, importation into the United States, sale, or offer for sale of the Accused Products.

191. The Accused Products do not infringe at least claim 1 of the ’250 Patent because they do not include every limitation required by claim 1. For example, as alleged in Section D above, placed in a food-heating appliance, the Accused Products do not meet the limitation that “each container remains securely positioned within the interior space while maintaining full contact between container walls and the one or more heating surfaces of the food-heating appliance.”

192. Additionally, the Accused Products do not meet the limitation of claim 1 that “abutment of the curvilinear side wall of each of the plurality of containers with the curvilinear interior surface of the food-heating appliance and abutment of the at least one side wall of each of the plurality of containers with the at least one side wall of an adjoining one of the plurality of containers eliminates gaps along a perimeter defined by the plurality of containers within the interior space of the food-heating appliance.”

193. The Accused Products do not infringe at least claim 10 of the ’250 Patent because they do not include every limitation required by claim 10. For example, as alleged in Section D above, placed in a food-heating appliance, the Accused Products do not meet the limitation that “the plurality of containers maintains full contact with the one or more heating surfaces of the food-heating appliance.”

194. The Accused Products do not infringe at least claim 17 of the ’250 Patent because they do not include every limitation required by claim 17. For example, as alleged in Section D



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

above, placed in a food-heating appliance, the Accused Products do not meet the limitation that "the plurality of containers maintains full contact with the one or more heating surfaces of the food-heating appliance."

195. Additionally, the Accused Products do not meet the limitation of claim 17 that "the plurality of containers are interconnected to one another such that, when the plurality of containers are positioned within the interior space of the food-heating appliance, the plurality of containers remain in a fixed arrangement during cooking."

196. As alleged in Section C above, Happiier is barred by prosecution history estoppel from contending under the doctrine of equivalents that the Accused Products meet the limitations quoted in paragraphs 191 through 194.

197. An actual, substantial, and immediate controversy exists between Plaintiff and Happiier as to whether the Accused Products infringe the '250 Patent.

198. Plaintiff is entitled to a declaratory judgment that it has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '250 Patent.

**COUNT II**

**DECLARATORY JUDGMENT OF INVALIDITY OF THE '250 PATENT**

199. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

200. Happiier asserted claim 1 of the '250 Patent against the Accused Products through APEX and, upon information and belief, contends that claims 1, 10, and 17 of the '250 Patent are valid.



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

201. Claims 1 and 10 of the ’250 Patent are invalid under 35 U.S.C. § 103 over the Korean Publication, alone or in view of York, as alleged in Section F above.

202. Claim 17 of the ’250 Patent is invalid under 35 U.S.C. § 103 over the Korean Publication in view of York, as alleged in Section F above.

203. Because claims 1, 10, and 17 are not entitled to the filing date of the parent application, they are also invalid under 35 U.S.C. § 103 over the Parent Publication in combination with the Korean Publication, as alleged in Section F above.

204. To the extent Happiier contends that the Accused Products meet each limitation of claims 1, 10, and 17, those claims are also invalid under 35 U.S.C. §§ 102 and 103, as alleged in Section F above.

205. In the alternative, claims 1, 10, and 17 of the ’250 Patent are invalid under 35 U.S.C. § 112(b), as alleged in Section F above.

206. An actual, substantial, and immediate controversy exists between Plaintiff and Happiier as to the validity of claims 1, 10, and 17 of the ’250 Patent.

207. Plaintiff is entitled to a declaratory judgment that claims 1, 10, and 17 of the ’250 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant as follows:

A. Declaring that Plaintiff has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the ’250 Patent;

B. Declaring that claims 1, 10, and 17 of the ’250 Patent are invalid;



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

C. Enjoining Defendant, its officers, agents, and all persons acting in concert with it, to the extent necessary to effectuate the Court's judgment, from asserting against Plaintiff, the Accused Products, or Plaintiff's customers any claim of the '250 Patent that the Court adjudicates invalid or not infringed, including through complaints submitted to Amazon;

D. Declaring this case exceptional under 35 U.S.C. § 285 and awarding Plaintiff its reasonable attorneys' fees;

E. Awarding Plaintiff its costs; and

F. Granting such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.



LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816

TELEPHONE: (267) 888-8281

DATED: November 5, 2026

By: /s/ Xiangru Chen
Xiangru Chen
WSBA No. 64505
LawMay P.C.
211 Lenora St., Apt. 617
Seattle, WA 98121
Tel.: 315-250-7337
Email: xiangru.chen@lawmayus.com

Hongchang Deng (pro hac vice application forthcoming)
California Bar No. 354529
LawMay P.C.
2108 N St., Ste. 9124, Sacramento, CA 95816
Tel.: 267-888-8281
Email: rdeng@lawmayus.com

Yi Yi (pro hac vice application forthcoming)
California Bar No. 353482
LawMay P.C.
2108 N St., Ste. 9124, Sacramento, CA 95816
Tel.: 267-888-8281
Email: yiyi@lawmayus.com
*Attorneys for Plaintiff*